IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOARDWALK FLOORS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-4559 |
| | § | |
| OHIO SECURITY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Ohio Security Insurance Company ("Ohio Security" or "Defendant") and files this Motion in Limine and respectfully shows the Court as follows:

1. **That this Motion has been filed, and the relief sought requested.**

   GRANTED: _____   DENIED: _____   AGREED: _____

2. **That Plaintiff's attorneys make no mention or make any reference to Defendant's failure to call any witness equally available to either party.**

   GRANTED: _____   DENIED: _____   AGREED: _____

3. **That Plaintiff's attorneys and Plaintiff's witnesses do not mention or state to the jury the probable testimony of any witness who is absent, unavailable, or not called to testify in this case.**

   GRANTED: _____   DENIED: _____   AGREED: _____

4. **That Plaintiff's attorneys be instructed not to make demands or requests before the jury for matters found or contained in Ohio Security's file, including statements, pleadings, photographs or other documents.**

   GRANTED: _____   DENIED: _____   AGREED: _____

5. **That Plaintiff's attorneys not request Ohio Security's attorneys, in front of the jury, to stipulate to the admissibility of any evidence or to any facts.**

GRANTED: _____   DENIED: _____   AGREED: _____

6. **Any comment or reference which would imply that Ohio Security, or attorneys for Ohio Security, have not fully complied with the rules governing discovery or that Ohio Security has violated any Order of this Court.**

GRANTED: _____   DENIED: _____   AGREED: _____

7. **Any testimony regarding claim handling and/or claim handling coverage decisions in any claims against Ohio Security other than the one made the basis of this suit.**

GRANTED: _____   DENIED: _____   AGREED: _____

8. **Any reference to or testimony concerning any "mental anguish" or other emotional injury or damages. Such reference to or testimony would be irrelevant and immaterial and prejudicial to Defendant because Plaintiff is a corporation, and such damages are unavailable to a corporate entity.**

GRANTED: _____   DENIED: _____   AGREED: _____

9. **Any statement which compares or contrasts the wealth of Plaintiff or Ohio Security or which mentions the corporate ownership of a corporate party of a lawsuit, or which injects the concept of "the big insurance company" in this case. Channel 20, Inc. v. World Wide Towers Services, Inc., 607 F. Supp. 551, 565 (S.D. Tex. 1985) ("The financial standing of a defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded.")**

GRANTED: _____   DENIED: _____   AGREED: _____

10. **That neither Plaintiff nor Plaintiff's counsel make any references to, comments about, ask questions concerning and/or elicit testimony or attempt to offer evidence regarding the amount of premiums paid by the Plaintiff for the insurance policy in question because it is irrelevant an immaterial to any issue in this lawsuit.**

GRANTED: _____   DENIED: _____   AGREED: _____

11. **Any statement which tends to inform the jury or the jury panel of the effect of their answers to jury questions. Specifically, Defendant requests that counsel for Plaintiff refrains from making comments such as "You might be astonished to know that it is against the law for me to tell you the effect of these special issues," or "for justice to be done, each and every issue must be answered 'we do'," or "if you do not answer special issues No. I and No. 2 'we do', then my client and I might as well go home." This also includes any reference to the special issues ultimately submitted to the jury as "Plaintiff's issues" or "Defendant's issues" or otherwise identifying the issues with a particular party.**

GRANTED: _____    DENIED: _____    AGREED: _____

12. **From suggesting or arguing that Ohio Security has any policy that they will not pay money on certain claims or will try to deny coverage on certain types of claims. There is no evidence of such a policy, and it is immaterial to any issue in this case.**

    GRANTED: _____    DENIED: _____    AGREED: _____

13. **From arguing, testifying, or suggesting that Ohio Security insured Plaintiff's property "as is" and then denied the claim as such argument and/or testimony is immaterial to any issue in this case.**

    GRANTED: _____    DENIED: _____    AGREED: _____

14. **From arguing, testifying, or suggesting that Ohio Security performed an underwriting inspection of Plaintiff's property, could have performed an underwriting inspection of Plaintiff's property, or should have performed an underwriting inspection of Plaintiff's property as any such argument and/or testimony is immaterial to any issue in this case.**

    GRANTED: _____    DENIED: _____    AGREED: _____

15. **Suggesting or arguing that the jury are serving in such capacity as the "conscience of the community" or for any purpose other than as fact finders in this case.**

    GRANTED: _____    DENIED: _____    AGREED: _____

16. **From referencing or showing the jury any diagrams, drawings, videos, Power Point presentations, or graphic depiction not timely furnished to counsel for Defendant.**
17.

    GRANTED: _____    DENIED: _____    AGREED: _____

18. **Suggesting, directly or indirectly, that Defendant has either destroyed or failed to retain evidence relating to any matter relevant to this lawsuit because there is no evidence of any purposeful destruction of this type, and any suggestion along this line is highly prejudicial to the Defendant's right to a fair trial.**

    GRANTED: _____    DENIED: _____    AGREED: _____

19. **The Plaintiff, his attorneys, or his witnesses not attempt to admit into evidence any document they did not produce in discovery. Plaintiff should not be permitted to present any witness not named in his answers to interrogatories, fact and expert witness disclosures and lists or any evidence Plaintiff failed to produce in response to any discovery. FED. R. EVID. 37.**

    GRANTED: _____    DENIED: _____    AGREED: _____

20. **That Plaintiff, his attorneys, or his witnesses not argue, testify, or suggest that Ohio Security is a cause of any delay of this trial or of the Plaintiff's alleged delay in obtaining "justice."**

    GRANTED: _____   DENIED: _____   AGREED: _____

21. **That Plaintiff, his attorney, or his witnesses not refer to, point out, call out, or otherwise identify any representative of Ohio Security who may be present at the trial and make any comment to the effect that they will not be testifying in this case.**

    GRANTED: _____   DENIED: _____   AGREED: _____

22. **That no exhibit or video be read from, discussed or shown to the jury unless and until said exhibit or video has been properly admitted into evidence or approved by the Court.**

    GRANTED: _____   DENIED: _____   AGREED: _____

23. **That neither Plaintiff nor Plaintiff's counsel offer any evidence or make any statement, reference, suggestion, or question regarding any cause of action or element of damages not plead by Plaintiff.**

    GRANTED: _____   DENIED: _____   AGREED: _____

24. **That neither Plaintiff nor Plaintiff's counsel make any references to, comments about, questions concerning, and/or elicit testimony or seek to introduce evidence as to policy limits, the amount of coverage or the amount of benefits provided by the insurance policy in question for the reason that any such references, comments, questions or testimony are irrelevant to any issue in this lawsuit.**

    GRANTED: _____   DENIED: _____   AGREED: _____

25. **That Plaintiff's counsel not attempt during the course of voir dire examination of the jury panel to commit any potential juror to the award of a specific sum for any element of damage alleged by Plaintiff's because this fact is irrelevant and would be unfairly prejudicial to Defendant. See FED. R. EVID. 402, 403.**

    GRANTED: _____   DENIED: _____   AGREED: _____

26. **That neither Plaintiff nor Plaintiff's counsel refer to, mention, or reference the term "preponderance of the evidence" without first providing jurors the correct legal definition.**

    GRANTED: _____   DENIED: _____   AGREED: _____

27. **That neither Plaintiff nor Plaintiff's counsel reference that an offer of settlement has been made or making any reference to the fact that this lawsuit could not be or was not settled, compromised or resolved, including the comment that this case "had" to be brought to a jury because the Defendant or its attorneys "fought it" or were being unreasonable because such is irrelevant and would be unfairly prejudicial to Defendant. Plaintiff's witnesses shall also be prohibited from same.**

    GRANTED: _____   DENIED: _____   AGREED: _____

28. **That neither Plaintiff nor Plaintiff's counsel make any mention of the probable testimony of a witness who is absent, unavailable, or not called or allowed to testify in this case.**

    GRANTED: _____   DENIED: _____   AGREED: _____

29. **That neither Plaintiff nor Plaintiff's counsel make any references or comments as to how long it took to get this case to trial or how long the Plaintiff has waited for justice or any other comments which insinuate that the Defendant is responsible for the amount of time that has elapsed since the date of loss and the time of trial. In this regard, Defendant would show that they have no control over when the Plaintiff chose to file the lawsuit, how long it takes to complete the discovery process or how long it takes a case to get reached for trial by the court. Furthermore, any such comments, references or insinuations serve no purpose other than to mislead and confuse the jury and unfairly prejudice the Defendant.**

    GRANTED: _____   DENIED: _____   AGREED: _____

30. **That none of Plaintiff's experts be permitted to testify that Defendant or its adjusters, employees, or representatives acted in bad faith or that their conducted violated any provision of the Texas Insurance Code or Texas DTPA as Plaintiff's experts have not been shown to be qualified to offer such opinions and such opinions are not helpful to the jury. FED. R. EVID. 702.**

    GRANTED: _____   DENIED: _____   AGREED: _____

31. **Any argument, evidence or testimony from Plaintiff's designated expert witness(es) that opine on or criticize Ohio Security's claims handling or offers the conclusion that Ohio Security committed "bad faith" or an "unreasonable" investigation.**

As a threshold matter, Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert's report contain a complete statement of all opinions the witness will express and the basis and reasons for them, the facts or data considered by the witness, and any exhibits that will be used to support the opinions. Neither the witness designations nor expert reports from Plaintiff's non-retained experts

contain any discussion of Ohio Security's claims handling at all, and specifically no discussion of the timeliness or appropriateness of any actions by Ohio Security's during the claims handling process. Likewise, neither the witness designations nor expert reports set forth any analysis regarding Any argument, evidence or testimony from Plaintiff's designated expert witness that opines on, criticizes Ohio Security's claims handling, or offers the conclusion that Ohio Security committed "bad faith or failed to conduct a "reasonable investigation."

Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert's report contain a complete statement of all opinions the witness will express and the basis and reasons for them, the facts or data considered by the witness, and any exhibits that will be used to support the opinions. Neither the witness designations nor expert reports from Plaintiff's non-retained experts contain any discussion of Ohio Security's claims handling at all, and specifically no discussion of the timeliness or appropriateness of any actions by Ohio Security's during the claims handling process. Likewise, neither the witness designations nor expert reports set forth any analysis regarding Ohio Security's inspections, estimates, or conclusions nor do they mention any potential claims handling standards at issue here.

Therefore, the Court should exclude *in limine* any argument, evidence, or testimony from Plaintiff's designated expert witness(es) that opine on or criticize Ohio Security's claims handling or offers the conclusion that Ohio Security's committed "bad faith." FED. R. CIV. P. 26(a)(2)(B); FED. R. EVID. 401, 402. Specifically, Ohio Security's would ask the Court to exclude any argument, evidence or testimony that it failed to meet some unspecified claims handling timelines; assigned some number of adjusters or personnel in handling the claim that was either too many or two few; conducted insufficient inspections in some regard; and/or failed to extend coverage under the policy.

GRANTED: _____ DENIED: _____ AGREED: _____

**32. Any testimony for any of Plaintiff's witnesses concerning the alleged replacement cost value or actual cost value of any repairs alleged to be needed to Plaintiff's property as an agreed value was reached during claim handling.**

GRANTED: _____ DENIED: _____ AGREED: _____

**33. Other claims or lawsuits.**

  **Any comments, suggestions, references to other claims or litigation in which Defendant may be involved or have been involved or suggestion that Defendant is involved or has been involved "in other lawsuits involving other claims" or "getting sued all the time" or words of similar effect, including but not being limited to, other claims, complaints or lawsuits by other individuals/businesses in the State of Texas or elsewhere.**

Such evidence is entirely irrelevant. Alternatively, any minimal probative value is substantially outweighed by its prejudicial effect and risk in confusing the jury. The only claim or lawsuit that should be mentioned in this case by Plaintiff is its claim which is the subject of this lawsuit.

GRANTED: _____ DENIED: _____ AGREED: _____

  34. **Premiums paid by Plaintiff to Church Mutual over the years. Evidence or argument regarding the amount of money in premiums that Plaintiff has paid during the life of its Policy**

Any such evidence is not relevant to any issue the jury will be called upon to decide. FED. R. EVID. 401, 402. This case is exclusively about the insurance coverage dispute arising out Plaintiff's insurance claim resulting from Winter Storm Uri and whether Ohio Security handled that specific claim unreasonably or underpaid the Policy benefits allegedly owed on the claim. Whether Plaintiff has previously been Ohio Security customer or paid a certain sum in past premiums is not relevant to whether it correctly handled the instant insurance claim. Moreover, evidence or argument regarding Plaintiff's premiums paid to Ohio Security – for example, to suggest that Ohio Security should just pay more money on this claim simply because Plaintiff has paid their insurance premiums in the past – would be unfairly prejudicial. FED. R. EVID. 403.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By: */s/ J. Mark Kressenberg*
J. Mark Kressenberg, Attorney-in-Charge
Southern District No. 7793
State Bar No. 11725900
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: 713-403-8210
Facsimile: 713-403-8299
mkressenberg@thompsoncoe.com
-and-
Katlin D. Wilcox
Southern District No. 3843006
State Bar No. 24103986
10001 Reunion Place, Suite 400
San Antonio, TX 78216
Telephone: (830) 252-5101
Facsimile: (512) 708-8777
kwilcox@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT,
OHIO SECURITY INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served via e-filing, e-service or certified mail/regular mail on this the 21st day of March, 2025 on the following counsel of record:

Eric B. Dick
Joseph Synoradzki
Dick Law Firm, PLLC
3701 Brookswood Drive
Houston, Texas 77092

*/s/ J. Mark Kressenberg*
J. Mark Kressenberg